Catron, Ch. J.
delivered the opinion of the court.
Can, under any circumstances, a recovery be had in this action by force of the guaranty? It is addressed in the singular to Mr. Allison. Rutledge undertook for the debt of Cooper; is bound by the writing, and this only. The contract cannot be varied, or its meaning explained, without violating the statute of frauds. He did not address himself to two Allisons, but to one. The'paper from its face, could not be given in evidence to sustain the joint action, and it could not be proved by parol that two were meant.
The case of Grant vs. Naylor was stronger than this. There the father gave the son a letter of guaranty, addressed to John and Joseph Naylor, who failed. The firm of the Naylors consisted of John and Jeremiah. *195 That the latter was miscalled Joseph in the address, was free from doubt. The firm extended the credit. The son became insolvent, and the father was sued. 4 Cra. 224. The court held that John and Jeremiah Naylor could not give the letter in evidence from its face, anti that parol proof could not be heard to explain it. The statute of frauds declared all such proof inadmissible. So here. Let the judgment be affirmed.
Judgment affirmed.